IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV25-MU-1

CHRISTOPHER N. JONES,              )
                                  )
        Plaintiff,              )
                                  )
     v.                         )          **ORDER**
                                  )
BOYD BENNETT, <u>et al.</u>,              )
                                  )
       Defendants.              )
                                  )
_____ )

This matter is before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. §1983, filed March 12, 2009.

In his Complaint Plaintiff alleges that he has been diagnosed with a condition called sarcoid. Due to this disease Plaintiff alleges that he forms small achey lumps in different locations in his body. Plaintiff also alleges that the most serious swelling occurred in his right testicle which was eventually surgically removed. Plaintiff asserts that the sarcoid later began to affect his breathing. Plaintiff contends that he was prescribed antibiotics and prednisone to alleviate the symptoms and that while he feels better he does not feel back to normal. Plaintiff further states that he has discovered that the sarcoid has caused his body to have a very sensitive and negative reaction to cigarette smoke. Plaintiff asserts that "because of the design of its ventilation system, Alexander Correctional Institution cannot enforce its non-smoking policies." Plaintiff also contends that the more he complains about his medical issues the more "prison officials seem to harass [him]."

Plaintiff names Boyd Bennett, the Director of Prisons of the State of North Carolina; Keith

Whitener, the Superintendent of Alexander Correctional Institution; Mr. Baker, the physician's assistant in the medical department of Alexander Correctional Institution; Angela Smigiel, a paralegal for The North Carolina Prison Legal Services (NCPLS); and Sarah Blair, an attorney for NCPLS. After carefully reviewing the Complaint and attachments, this Court concludes, for the reasons set forth below, that Plaintiff has failed to set forth a claim against any of the named Defendants.

Plaintiff sues Angela Smigiel and Sarah Blair, the paralegal and attorney for the NCPLS who reviewed and denied his request for legal assistance in pursuing the instant § 1983 claims. In order to state a claim under 42 U.S.C. § 1983, a Plaintiff must establish that one of his constitutional rights or federal statutory rights was violated by a person acting under the color of state law. 42 U.S.C. § 1983. Plaintiff possesses no constitutional right to have the NCPLS bring a suit on his behalf. As such, Plaintiff has failed to state a claim against these two defendants and they are dismissed from this matter.

Plaintiff also names Boyd Bennett and Keith Whitener as defendants. In his Complaint Plaintiff states with regard to Defendant Boyd that he is "legally responsible for the overall operation of the department and each institution under its jurisdiction, including Alexander Correctional Institution." With regard to Defendant Whitener, Plaintiff states that he is "legally responsible for the daily operations of Alexander Correctional Institution and for the welfare of all its inmates." It thus appears that Plaintiff is predicating their liability upon a theory of respondeat superior. Supervisory liability under § 1983, however, may not be predicated only on the theory of respondeat superior. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). Rather § 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct

2

or another's conduct in execution of the defendant's policies or customs.  See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982).  Plaintiff, however, does not allege any personal conduct by either Defendant Bennett or Defendant Whitener with regard to the incidents that form the basis of his Complaint.  In fact, Plaintiff does not connect either Defendant in any specific way to the incidents that form the basis of his Complaint.  Consequently, Plaintiff fails to state a claim against Defendants Bennett and Whitener and they are dismissed from this matter.[1]

Finally, Plaintiff lists Defendant Baker, a PA in the medical department at Alexander Correctional Institution, as a defendant.  Plaintiff asserts that he is "legally responsible for medical prescriptions and problem diagnoses of all inmates housed at Alexander Correctional Institution."  Such a statement does not state a claim against this individual.  Plaintiff makes no specific allegation against Defendant Baker and as such Defendant Baker is dismissed on that basis.  Moreover, the Court notes that as evidenced by the Complaint itself, Plaintiff has received a significant amount of medical care while incarcerated at Alexander Correctional Institution.  Consequently, to the extent his claim is based upon a disagreement Plaintiff has with his medical care such a claim does not state a constitutional violation.  See  Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)(mere malpractice or negligence in diagnosis or treatment does not state constitutional claim); Daniels v. Williams, 474 U.S. 327 (1986)( inadequate treatment due to negligence, inadvertence, or differences in judgment

---

[1]  Plaintiff attaches to his Complaint a copy of a form letter that he received from Defendant Whitener in which a box is checked which indicates that the grievance he had sent  to the superintendent was being forwarded to the appropriate unit management staff member for processing in accordance with prison policy.  An inmate's complaint to the  superintendent and a form response do not serve to render  the superintendent liable.  Plaintiff also attaches copies of two letters he sent to Defendant Bennett setting forth a litany of grievances.  Again, however, a letter sent by a prisoner to the  Director of Prison's is simply, by itself, insufficient to render him liable.

between an inmate and medical personnel does not rise to the level of a constitutional violation).

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **DISMISSED** for failure to state a claim upon which relief may be granted.

Signed: March 25, 2009

Graham C. Mullen
United States District Judge